IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 08-614 |
| HABEEB MALIK | : | |
| IRA WEINER | : | |
| THONGCHAI VORASINGHA | : | |

**SURRICK, J.**                                                                                   **JANUARY 21, 2010**

## MEMORANDUM

Presently before the Court is the Motion of Defendant Ira H. Weiner For Release Pending Appeal. (Doc. No. 175.) For the following reasons, Defendant's Motion will be denied.

### I. INTRODUCTION

The facts of this case are set forth in detail in our Memorandum dated December 7, 2009, which disposed of Defendants' post-trial motions pursuant to Federal Rules of Criminal Procedure 29 and 33. *See generally United States v. Malik*, No. 08-614, 2009 WL 4641706 (E.D. Pa. Dec. 07, 2009). Defendants were convicted for their roles in a scheme that involved foreign individuals applying for U.S. citizenship. Eligibility for U.S. citizenship is conditioned, in part, on basic knowledge of the English language and familiarity with U.S. history and civics. Defendant Habeeb Malik operated an organization that purported to assist applicants for U.S. citizenship. Unfortunately, Malik's "assistance" consisted of taking the applicants to a cooperative doctor who, in return for a fee, would falsely affirm that the applicant had various psychological disorders that prevented him or her from learning English or U.S. history and civics. Defendant Ira Weiner was one of the doctors to whom Malik sent his clients. Defendant Thongchai Vorasingha was another.

The grand jury indicted Defendants Malik, Weiner, and Vorasingha on one count of conspiracy to commit naturalization fraud in violation of 18 U.S.C. § 371. In addition, Weiner and Malik were indicted on nine counts of naturalization fraud in violation of 18 U.S.C. § 1425. Vorasingha and Malik were indicted on two additional counts of naturalization fraud. On July 20, 2009, a jury found the three Defendants guilty on Count One of the Indictment, charging conspiracy to commit naturalization fraud. (Doc. No. 98.) The jury found Weiner and Malik not guilty on one of the counts of naturalization fraud, but guilty on the remaining eight naturalization fraud counts. (*Id.*) In addition, Vorasingha and Malik were found guilty on the two counts of naturalization fraud with which they were charged. (*Id.*) The convictions were affirmed in our December 7 Memorandum and Order. *Malik*, 2009 WL 4641706, at *24. We concluded that there was more than sufficient evidence to support the jury's verdicts on each of the counts. *Id.* at *5-11, *23.

With regard to the conspiracy count, we found that there was a variance between the single conspiracy charged in the Indictment and the proof at trial, which showed two separate conspiracies, one between Malik and Weiner and another between Malik and Vorasingha. *Id.* at *17. We concluded, however, that the variance was not fatal to Defendants' convictions on the conspiracy count because it did not prejudice their substantial rights. *Id.* at *17-19. Ultimately, Weiner was sentenced to a term of 36 months of imprisonment followed by 24 months of supervised release. A fine of $10,000 was imposed.[1] Weiner was ordered to surrender on January 25, 2010, to serve his sentence. (Doc. No. 152.) Weiner has appealed his convictions,

---

[1] The sentencing guidelines range was 51 to 63 months. The sentence imposed was a variance from the guideline range for reasons fully discussed on the record.

and his appeal is currently pending in the United States Court of Appeals for the Third Circuit.

## II. LEGAL STANDARD

The Bail Reform Act of 1984 reversed the presumption in favor of bail for a person convicted and sentenced to jail, during the pendency of his appeal. 18 U.S.C. § 3143(b); *see also United States v. Miller*, 753 F.2d 19, 22-23 (3d Cir. 1985) (examining legislative history of § 3143(b)). Under 18 U.S.C. § 3143(b), a defendant who has appealed his conviction is entitled to release pending appeal only if a court finds:

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). In *Miller*, the Third Circuit construed the original version of this statute, which was essentially identical to the current version but without the provisions of § 3143(b)(1)(B)(iii) and (iv), as follows:

> [U]nder the criteria established by the 1984 Act which the defendant now has the burden of proving if s/he seeks bail pending appeal, the court must find:
> (1) that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;
> (2) that the appeal is not for purpose of delay;
> (3) that the appeal raises a substantial question of law or fact; and
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been

3

imposed.

*Miller*, 753 F.2d at 24. Taking into account the subsequent amendments to § 3143(b),[2] the application of *Miller*'s fourth prong must also include a consideration of whether "a sentence that does not include a term of imprisonment" or "a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process" is likely to result. *See United States v. Quiles*, No. 07-391-01, 2009 WL 764306, at *3 (E.D. Pa. Mar. 23, 2009) (setting forth modified *Miller* standard).

With regard to the third prong, the absence of controlling precedent does not necessarily make a question substantial. The question may be patently without merit and therefore not significant. *United States v. Smith*, 793 F.2d 85, 89 (3d Cir. 1986) (holding that a conviction by an eleven-person jury did not present a "substantial question" even though no controlling precedent existed regarding the constitutionality of Federal Rule of Criminal Procedure 23, because the court "ha[d] no doubt" that the Rule was constitutional). A question raised on appeal is "substantial" if it is "*significant* in addition to being novel, not governed by controlling precedent or fairly doubtful." *Id.* at 88. A question of law or fact satisfies this standard if it is "fairly debatable," which a petitioner can show by demonstrating "that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the

---

[2] *See* Criminal Law and Procedure Technical Amendments Act of 1986, Pub. L. No. 99-646, sec. 51(a), 100 Stat. 3592, 3605 (1986) (amending 18 U.S.C. § 3143(b) by adding provision currently in subsection (b)(1)(B)(iii)); Anti-Drug Abuse Act of 1988, Pub. L. No. 100-690, sec. 7091, 102 Stat. 4181, 4410 (1988) (amending 18 U.S.C. § 3143(b) by adding provision currently in subsection (b)(1)(B)(iv)); Crime Control Act of 1990, Pub. L. No. 101-647, sec. 902(a)(b), 104 Stat. 4789, 4826-27 (1990) (rearranging subsections within 18 U.S.C. § 3143(b)).

questions are adequate to deserve encouragement to proceed further." *Id.* at 89-90 (internal quotation, alteration marks, and citations omitted).

## II. DISCUSSION

The Government concedes and we agree that Weiner has satisfied his burden as to the § 3143(b) factors concerning risk of flight, danger to the safety of others, and intentional delay. (Doc. No. 176 at 2.) We must therefore determine whether Weiner has demonstrated that his appeal raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of time already served plus the expected duration of the appeals process. *See* 18 U.S.C. § 3143(b)(1)(B).

### A. Substantial Questions of Law or Fact

Weiner argues that his appeal raises two issues that are "substantial" for the purposes of § 3143(b). He acknowledges our conclusion that the variance between the single conspiracy charged in the Indictment and the proof at trial was not prejudicial. (Doc. No. 175 (Mem. of Law) at 2.) However, according to Weiner, prejudice should be presumed because Weiner was "convicted of the crime other than that with which he was charged" and the variance therefore "rose to the level of a constructive amendment." (*Id.* at 2-3.) He contends that this violated "his Fifth Amendment right to be tried only on charges presented in an indictment returned by a Grand Jury." (*Id.* at 3.)

We reject Weiner's argument that prejudice should be presumed. In the December 7 Memorandum we thoroughly analyzed the possibility that the variance prejudiced Weiner's and the other Defendants' substantial rights. We concluded that the variance was not prejudicial and

5

thus not fatal to Weiner's conspiracy conviction. *See Malik*, 2009 WL 4641706, at *17-19 (concluding that the variance was not prejudicial because the Indictment sufficiently informed Weiner of the conspiracy charge against him, there was little chance of evidentiary spillover or the jury's transference of guilt from one defendant to another, and there was no risk that Weiner could be prosecuted a second time for the same offence).

Weiner cites *United States v. McKee*, 506 F.3d 225 (3d Cir. 2007), in support of his argument that the variance was, in fact, an improper constructive amendment. However, the *McKee* court's definition of constructive amendment does not encompass the variance here. The *McKee* court concluded that "[a]n indictment is constructively amended when evidence, arguments, or the district court's jury instructions effectively 'amend[s] the indictment by broadening the possible bases for conviction from that which appeared in the indictment.'" *Id.* at 230 (finding that a jury instruction that referred to conduct proven at trial but not charged in the indictment constituted a constructive amendment because it allowed the jury to convict the defendants for uncharged conduct, effectively broadening the indictment in violation of the defendants' Fifth Amendment rights) (quoting *United States v. Lee*, 359 F.3d 194, 208 (3d Cir. 2004)); *see also id.* at 231 n.7 ("If a variance between the indictment and the evidence 'does not alter the elements of the offence charged, [the court] will focus on whether or not there has been prejudice to the defendant.'" (quoting *United States v. Castro*, 776 F.2d 1118, 1122 (3d Cir. 1985))). In the instant case, Weiner *was* charged with a conspiracy, and the Indictment set forth the facts on the basis of which he was convicted. As we noted, "[t]he evidence at trial did not broaden the basis for conviction beyond the alleged single conspiracy[, but] instead . . . proved the existence of two narrower agreements, one between Malik and Weiner and one between

Malik and Vorasingha. This was not the conspiracy charged in the Indictment, but it was based upon the same facts." *Malik*, 2009 WL 4641706, at *19. We also observed that "the doctrines of variance and constructive amendment 'apply only where the proof at trial is broader than the indictment, not where it is narrower.'" *Id.* (quoting *United States v. Perrone*, No. 05-0774, 2007 WL 43998, at *3 (S.D.N.Y. Jan. 4, 2007)). We are satisfied that the first issue raised by Weiner is not "substantial" within the meaning of § 3143(b).

The second issue raised by Weiner as substantial is the Government's failure to present expert testimony. (Doc. No. 175 (Mem. of Law) at 3.) According to Weiner, the lack of expert testimony "is fatal to the inference on which this case hinged: that the content of Dr. Weiner's reports was necessarily inconsistent with appropriate medical judgment." (*Id.*) Certainly, expert medical testimony would have helped to streamline the Government's case. However, Weiner's convictions for naturalization fraud did not require an evaluation of his medical judgment. Weiner's convictions were based upon the falsity of the factual information that he included in the N-648 forms that he completed for applicants brought to him by Malik. The evidence and testimony at trial clearly established that the statements that Weiner made in the N-648 forms about the backgrounds of the applicants were patently false. This background material was the basis for Weiner's medical diagnoses. Moreover, Weiner's diagnoses for each of the applicants that were brought to him by Malik were almost identical. He diagnosed the applicants as having Post-Traumatic Stress Disorder (DSM 309.8), Mental Retardation (DSM 319), Anxiety (DSM 300), Depression (DSM 300.4), and Learning Disorders (DSM 315.9). These diagnoses were based upon the false background information. Finally, Weiner concluded that based upon these problems, the applicant could not learn English. The N-648s were then signed by Weiner.

*Malik*, 2009 WL 4641706, at *5-11.  The evidence of Weiner's guilt was compelling.

While, as Weiner notes, the issue concerning expert testimony in this case may find no governing precedent in this Circuit, that alone does not make it "substantial."  *See Smith*, 793 F.2d at 89.  We considered and rejected Weiner's argument concerning expert testimony in the past, and we conclude that it is not "substantial" because it has no direct bearing on Weiner's convictions on the substantive counts of naturalization fraud.

IV. **CONCLUSION**

Dr. Weiner has not met his burden to establish that a release pending appeal is warranted under 18 U.S.C. § 3143(b).  Accordingly, Defendant Weiner's motion will be denied for the reasons set forth above.

An appropriate Order follows.

BY THE COURT:

/s/ *R. Barclay Surrick*
U.S. District Judge